

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-24-00107-CV
No. 07-24-00108-CV
No. 07-24-00109-CV

**IN THE INTEREST OF D.R., N.B., AND R.C., JR., CHILDREN**

On Appeal from the 320th District Court
Potter County, Texas
Trial Court Nos. 096422-D-FM, 097583-D-FM, 096969-D-FM
Honorable Carry Baker, Presiding

## July 31, 2024

## MEMORANDUM OPINION

### Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

The trial court terminated CR's parental rights to her children, DR, NB, and RC, Jr. She appealed from that order. Appointed counsel for mother filed a motion to withdraw, together with an *Anders*[1] brief in support thereof. In the latter, counsel certified that he diligently searched the record and concluded that the appeals are without merit. Appellate counsel also filed a copy of a letter sent to the last known address of his client

---

[1] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

enclosing the *Anders* brief, the motion to withdraw, and a motion requesting a copy of the record.  He did this after seeking and receiving guidance from the court regarding his inability to find or otherwise communicate with CR.  In the letter, counsel also explained that she had a right to respond to both the motion to withdraw and *Anders* brief.  By letter dated July 8, 2024, this Court also sent to mother at her last known address notice of her right to file her own brief or response by July 29, 2024, if she wished to do so.  To date no response has been received.

In compliance with the principles enunciated in *Anders*, appellate counsel discussed several potential areas for appeal, which included the sufficiency of the evidence to support 1) the statutory grounds found to warrant termination and 2) the best interest findings of the children.  Counsel also addressed whether the trial court erred in denying the motion for new trial founded upon CR's failure to appear at trial.

Per our obligation specified in *In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied) (citing *Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005)), we reviewed the appellate record in search of arguable issues for appeal.  None were found.  So too did we conduct an independent review of the evidence to determine whether the findings warranting termination under subsections (D) and (E) of § 161.001(b)(1) of the Family Code were supported by legally and factually sufficient evidence.  This was done per *In re N.G.*, 577 S.W.3d 230 (Tex. 2019) (per curiam).  That evidence illustrated 1) mother had a considerable history of drug abuse, including the use of fentanyl and methamphetamine; 2) she maintained, at one point, a filthy home strewn with clothes, unrefrigerated food, drug paraphernalia, and possible drugs; 3) mother was reported missing to the Amarillo Police Department in February 2023, some three weeks

after she left for Albuquerque with her partner and did not return; 4) she left the children for over a month with relative strangers who failed to care for and feed them; 5) she had no job, vehicle, phone or appropriate housing (she lived in a tent in Albuquerque at one point); 6) she tested positive for methamphetamine and fentanyl during the pendency of the cases; 7) she failed to remain in contact with the Department; 8) mother's current location was unknown; 9) she was arrested in New Mexico in June 2023 for possession of a controlled substance, reckless driving, and receiving or transferring a stolen motor vehicle; 10) she visited the children sporadically; and 11) she failed to complete most of her services required in her service plan.  Combined, we find this evidence both legally and factually sufficient to support termination under subsections (D) and (E).

We agree with counsel's representation that the appeals are meritless due to the absence of arguable error and affirm the orders terminating each parent/child relationship involved.  We do not grant the motions to withdraw, however.  We call counsel's attention to the continuing duty of representation through the exhaustion of proceedings, which may include the filing of a petition for review for each cause.  *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam).

Brian Quinn
Chief Justice